# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**DOMONICK MARK IARIA, et al.,**

    **Plaintiffs,**

    v.

**TODAY'S TELEVISION, INC., et al.,**

    **Defendants.**

**Civil No. 17-1319 (ADC)**

## OPINION AND ORDER

Before the Court is defendant's Home Etc., Inc. d/b/a Today's Satellite Television and Today's Television, Inc., ("Today's TV") motion to dismiss for lack of jurisdiction and failure to state a claim. **ECF No. 17**. Co-defendant Randy Cravey ("Cravey"), President of Today's TV, separately filed a motion to dismiss. **ECF No. 19**. Plaintiffs Domonick Mark Iaria ("Mr. Iaria") and Agnieszka Iaria ("Mrs. Iaria," collectively "plaintiffs") filed a combined opposition to both motions. **ECF No. 21**. For the following reasons, the Court hereby **GRANTS** the motion to dismiss at **ECF No. 17**, rendering the motion to dismiss at **ECF No. 19**, **MOOT.**

**I.**     **Background**

Plaintiffs, husband and wife, filed a complaint seeking relief for their alleged wrongful discharge by defendants. **ECF No. 1**. Plaintiffs each began employment with Today's TV in April 2013. *Id*. at 2. On November 18, 2014, Mr. Iaria sent an email "to Defendants' representatives in position of authority," identifying issues with company sales. **ECF Nos. 21** at 1; **1** at 3. On

December 5, 2014, Cravey emailed Mr. Iaria concerned that his sales projections may have been based on improperly obtained confidential information. **ECF No. 1** at 3. Cravey "insisted" Mr. Iaria cooperate with the requests made by Dish Network (that Mr. Iaria purportedly ignored) to disclose the source of his sales data, else he risk the company's future. *Id*. Mr. Iaria responded the next day, explaining that he had conversed with a Dish Network representative about the alleged confidential information, but "she refused to listen." *Id*. at 4. On December 9, 2014, Cravey emailed Mr. Iaria again, demanding that he provide "the name of the person who originally provided . . . the information contained [in] his November 18, 2014 email." *Id*. The email set a compliance deadline of close of business that day. Mr. Iaria replied indicating that he would speak with Dish Network directly, in a manner better ensuring confidentiality, if Cravey would facilitate the contact.[1] *Id*. Cravey, in India at that time, never did coordinate a meeting. *Id*. During a conference call on January 7, 2015, defendants informed Mr. Iaria of their decision to terminate him. *Id*. at 5. Mr. Iaria reiterated during that meeting that he would provide the name requested in a confidential setting. *Id*.

On January 10, 2015, Mr. Iaria received a letter from Today's TV terminating his employment for insubordination in light of his failure to comply with Cravey's request to

---

[1] Seemingly in conflict with this factual allegation, plaintiffs also allege that Mr. Iaria's November 18, 2014 email was premised on generally available sales data voluntarily provided to him in the course of his employment, not sensitive or confidential information. **ECF No. 1** at 3–4.

disclose his source on December 9. *Id.* at 2, 5. Shortly thereafter, on January 16, 2015, Mrs. Iaria also received a termination letter, with no cause for her termination listed. *Id.* at 5.

Plaintiffs generally allege that their claims are "in excess of $75,000," and seek relief for negligence, P.R. Laws Ann. tit. 31, § 5141 ("Article 1802"); wrongful termination, P.R. Laws Ann. tit. 29, § 185a *et seq.* ("Law 80"); and whistleblower retaliation, P.R. Laws Ann. tit. 29, § 194a ("Law 115"). Plaintiffs also identify Title VII of the Civil Rights Act and racial discrimination causes of action under 42 U.S.C. §§ 1981(a), 2000e *et seq.*[2] **ECF No. 1** at 2.

After defendants filed their answer contending, among other things, that the Court lacked subject matter jurisdiction, the Court ordered plaintiffs to show cause as to how the Court has jurisdiction over their case. **ECF No. 11**. The Court doubted the existence of federal question jurisdiction where the basis seemingly rested on lip service to federal statutes, without any supporting factual allegations. *Id.* at 2. Additionally, the Court questioned the availability of diversity jurisdiction, specifically impugning plaintiffs' ability to, in good faith, satisfy the amount in controversy requirement. *Id.* at 3–6. Plaintiffs responded, exclusively addressing their state law claims. **ECF No. 14**. Plaintiffs asserted that the state law claims combine to satisfy the amount in controversy, specifically citing the breadth of damages available under Law 115, and

---

[2] In addition, the complaint states, "Plaintiffs also file for a separate claim of defamation against defendants, as defendants divulged to third parties, such as Dish[,] false representations of them while directly imputing them professionally." **ECF No. 1** at 6. This claim is entirely undeveloped beyond the quoted sentence and unsupported by any factual allegations in the complaint. Accordingly, the Court considers it insufficient under Federal Rule of Civil Procedure 12(b)(6). *See* **ECF No. 11** at n 3.

ignoring the Court's ruling that each plaintiff needed to separately allege $75,000 in damages. *Id*.

Today's TV then filed a motion to dismiss based on a hybridized argument of lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). **ECF No. 17**. Cravey's partial motion to dismiss is based exclusively on rule 12(b)(6), for failure to state a claim, contending that some of the state statutes at issue do not support plaintiffs' claims of individual liability against him. **ECF No. 19**.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of federal subject-matter jurisdiction. When reviewing a complaint under Rule 12(b)(1), courts "construe the Complaint liberally and treat all well-pleaded facts as true, according the plaintiff[s] the benefit of all reasonable inferences." *Town of Barnstable v. O'Connor*, 786 F.3d 130, 138 (1st Cir. 2015) (alteration in original) (citation and internal quotation marks omitted). A complaint, so construed, must be dismissed under Rule 12(b)(1) if the Court lacks subject-matter jurisdiction to adjudicate its claims.

Courts also favorably construe a complaint when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013). "While detailed factual allegations are not necessary to survive a motion to dismiss for failure to state a claim, a complaint nonetheless must contain more than a rote recital of the elements of a cause of action" and "must contain sufficient factual

matter to state a claim to relief that is plausible on its face." *Id*. (additional citations and internal quotation marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). To ascertain plausibility, "the court must sift through the averments in the complaint, separating conclusory legal allegations (which may be disregarded) from allegations of fact (which must be credited)." *Id.* Then, "the court must consider whether the winnowed residue of factual allegations gives rise to a plausible claim to relief." *Id.* (noting that a complaint need not "establish a prima facie case" to defeat a rule 12(b)(6) motion to dismiss). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc).

Additionally, "[a]ffirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that the facts establishing the defense [are] clear on the face of the plaintiff's pleadings." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 320 (1st Cir. 2008) (alteration in original) (citation and internal quotation marks omitted). "Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to sketch a factual predicate that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate." *Id.* (citation and internal quotation marks omitted).

### III. Analysis

Today's TV moves for dismissal on the basis that plaintiffs' complaint lacks both federal question and diversity jurisdiction. Cravey agrees that jurisdiction is lacking and asserts that all but plaintiffs' negligence claims against him must be dismissed under rule 12(b)(6).

#### A. Federal Question Jurisdiction

Plaintiffs have seemingly conceded that there is no federal question jurisdiction. They did not address federal question jurisdiction in response to the Court's Order to Show Cause and they failed to address any of the defendants' challenges to federal question jurisdiction in their opposition to the motions to dismiss. **ECF Nos. 14, 21**. Accordingly, for the reasons stated in the Court's Order to Show Cause, incorporated herein, the Court holds that there is no federal question jurisdiction in this case. **ECF No. 11**.

#### B. Diversity Jurisdiction

"When an action is brought in federal court pursuant to diversity jurisdiction, jurisdiction lies only 'where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'" *CE Design, Ltd. v. Am. Econ. Ins. Co.*, 755 F.3d 39, 43 (1st Cir. 2014) (quoting 28 U.S.C. § 1332). "A plaintiff's good faith allegation of damages meeting the required amount in controversy is usually enough." *Id*. But the situation changes where, as here, the plaintiff's allegation has been "questioned by the opposing party or the court." *See Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 41 (1st Cir. 2012) (citation and internal quotation marks omitted). Once the minimum amount in controversy has been questioned, "the party seeking to invoke

jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." *Id*. at 42 (citation and internal quotation marks omitted). And, "multiple plaintiffs," like the husband-wife couple here, "cannot aggregate their separate individual claims to meet the jurisdictional amount threshold."[3] *See CE Design*, 755 F.3d at 43 (citing *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294–95 (1973), *superseded on other grounds by* 28 U.S.C. § 1367 (regulating supplemental jurisdiction)). Finally, "federal courts must . . . look to state law to determine the nature and extent of the right to be enforced in a diversity case." *Abdel-Aleem*, 665 F.3d at 43 (omission in original) (citation and internal quotation marks omitted).

Defendants argue that plaintiffs cannot meet the amount-in-controversy requirement because plaintiffs' Article 1802 negligence claims are time-barred, their Law 115 retaliation cause of action fails to state a claim upon which relief may be granted, and the damages available under Law 80 for wrongful termination are insufficient. Today's TV contends that Mrs. Iaria has already been paid severance pursuant to Law 80, appending her purported severance check to its motion to dismiss filing, which renders her unable to seek further relief under Law 80. Relevant as well, is the fact that Mr. Iaria is not mathematically entitled to $75,000 or more under Law 80's rigid severance pay scheme. **ECF No. 17** at 2.

---

[3] Plaintiffs refute this point, asserting that their claims need only combine to $75,000. Although there are some situations in which multiple plaintiffs can aggregate their interests to satisfy the jurisdictional threshold, such as when they "unite to enforce a single title or right, in which they have a common and undivided interest," *CE Design*, 755 F.3d at 43 (citation and internal quotation marks omitted), this is not the situation currently before the Court.

### 1. Article 1802-Negligence

Article 1802 of the Civil Code—Puerto Rico's general tort statute—provides that a "person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws. Ann. tit. 31, § 5141. "The elements of an Article 1802 claim are a physical or emotional injury, a negligent or intentional act or omission (i.e., a wrongful act), and a causal connection between the injury and the defendant's wrongful conduct." *Díaz Aviation Corp. v. Airport Aviation Servs., Inc.*, 716 F.3d 256, 265–66 (1st Cir. 2013). The statute of limitations for tort actions under Article 1802 is one year "from the time the aggrieved person had knowledge thereof." P.R. Laws Ann. tit. 31 § 5298(2). That time period "begins running at the time a reasonably diligent person would discover sufficient facts to allow her to realize that she'd been injured and to identify the party responsible for that injury." *Rivera-Carrasquillo v. Centro Ecuestre Madrigal, Inc.*, 812 F.3d 213, 216 (1st Cir. 2016). "The rationale being, of course, that once a plaintiff comes into such knowledge, she can file suit against the tortfeasor." *Id.*

Defendants argue that plaintiffs' negligence claims are barred by the statute of limitations because plaintiffs were terminated in early January 2015, and filed this case more than two years later, on March 3, 2017. **ECF No. 17** at 12. Plaintiffs assert that the statute of limitations was tolled by the extrajudicial email communications between the parties initiated by plaintiffs' counsel on January 27, 2015, that continued until approximately April 1, 2016. **ECF No. 14** at 3–4. Today's

TV counters that these emails do not resuscitate plaintiffs' negligence claims because they addressed only wrongful discharge and retaliation causes of action. **ECF No. 17** at 12.

"Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alt. Energy Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties." *Id*. (citation and internal quotation marks omitted) (listing three additional exceptions). "When the complaint relies upon a document, whose authenticity is not challenged, such a document merges into the pleadings and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." *Id*. (citation and internal quotation marks omitted). Plaintiffs submitted the emails in response to the Court's Order to Show Cause to substantiate diversity jurisdiction. **ECF Nos. 14-1** to **14-4**. The parties do not dispute the authenticity of the emails; rather, they dispute their import for prescription purposes. Accordingly, the Court considers the emails incorporated into the pleadings.

Puerto Rico's Civil Code "provides three mechanisms by which the prescription of actions can be interrupted or 'tolled': '[ (1) ] [B]y their institution before the courts, [ (2) ] by extrajudicial claim of the creditor, and [ (3) ] by any act of acknowledgment of the debt by the debtor.'" *Rodríguez v. Suzuki Motor Corp.*, 570 F.3d 402, 407 (1st Cir. 2009) (alterations in original) (quoting P.R. Laws Ann. tit. 31, § 5303). This tolling statute, however, does not toll the limitations period "for all claims arising out of the same facts," but only for "identical subsequent actions." *Id*. at

409 (citation and internal quotation marks omitted). Identicality of claims requires that, (1) the claims "seek the same form of relief"; "(2) must be based on the same substantive claims; and (3) provided that other Puerto Rico tolling statutes do not rescue the claims on other grounds . . . must be asserted against the same defendants in the same capacities; new defendants should not be added." *Id*. (citation and internal quotation marks omitted) (omission in original). "This 'identicality requirement' serves to prevent[] plaintiffs from circumventing the notice function of the statute of limitations by asserting different claims in belated federal court complaints." *Id*. (citation and internal quotation marks omitted) (alteration in original).

The emails provided by plaintiffs satisfy the first two identicality elements—both the extrajudicial emails and the complaint seek monetary damages against the same defendants on behalf of the same plaintiffs.[4] As for the "same substantive claim" element, the emails specifically reference only wrongful termination and retaliation claims, sometimes referring to the former as "illegal dismissal." **ECF Nos. 14-1** to **14-4**. There is no mention of negligence on behalf of anyone at Today's TV or an insinuation that plaintiffs believed they were entitled to distinct relief under a negligence theory. Rather, plaintiffs' extrajudicial emails simply recounted their version of the facts underlying their terminations in conjunction with their theories of wrongful termination and retaliation. *See Santana-Castro v. Toledo-Davila*, 579 F.3d 109, 115–16 (1st Cir.

---

[4] Initially, the extrajudicial emails referenced only Mr. Iaria's claims. **ECF No. 14-1**. However, by April 1, 2015, the emails referenced "clients," plural, and by November 17, 2015, the emails discussed payments by defendants to Mrs. Iaria. **ECF Nos. 14-2; 14-3**. The Court considers this sufficient to put defendants on notice of both plaintiffs' wrongful termination and retaliation claims.

2009) (rejecting an extrajudicial letter that simply recounted plaintiff's version of the events at issue as insufficient to put the defendant on notice of specific claims enumerated in the complaint). Thus, plaintiffs' negligence claims are not subject to tolling via the extrajudicial emails. Because the negligence claims are untimely, they will not be considered in the amount-in-controversy calculation.

### 2. Law 115- Retaliation

Law 115 prohibits employers, including "the employer's agents" from discharging, threatening, or discriminating against an employee "should the employee offer or attempt to offer, verbally or in writing, any testimony, expression or information before a legislative or administrative or judicial forum in Puerto Rico, when such expressions are not of a defamatory character nor constitute disclosure of privileged information established by law." P.R. Laws Ann. tit. 29, §§ 194, 194a(a). A three-year statute of limitation applies to these claims. *Id*. at § 194a(b).

Plaintiffs argue that because their "main claim arises pursuant to Puerto Rico Law 115 of 1991," which allows for "double damages, mental suffering, restitution in the employment, back pay, and attorney's fees," they "have more than sufficiently complied with the jurisdictional requirement for purposes of their claim pursuant to 28 U.S.C. 1332."[5] **ECF No. 21** at 6. Plaintiffs

---

[5] Plaintiffs seem to imply that Mrs. Iaria's Law 115 claim is derivative from her husband's claim. Although their theory for such is largely unintelligible, the Court will indulge the assumption that such a claim is available here. **ECF No. 21** at 4, 10 (stating, "Confirming also that a claim by Plaintiff's spouse pursuant to Article 1802 of the Civil Code is confirmed," in conjunction with explaining Law 115's parameters).

also cite cases involving six-figure awards granted under Law 115 as a basis for their amount-in-controversy calculation.

In other words, plaintiffs entire argument as to how they meet the amount in controversy requirement hinges on Law 115 having a generous damages provision. The Court will assume, without deciding, that plaintiffs have a claim under Law 115. *Cf. Lupu v. Wyndham El Conquistador Resort & Golden Door Spa*, 524 F.3d 312, 313 (1st Cir. 2008) (holding that protected activity under Law 115 does not include (1) plaintiff's meeting with a supervisor in which he criticized hotel management and maintenance, and (2) a document titled "Questions to Discuss With Attorney" addressing plaintiff's rights if he went to the authorities that plaintiff inadvertently left on the supervisor's desk). Plaintiffs nonetheless offer no information as to, e.g., what amount of damages under Law 115 they believe they are each entitled and facts to support any such valuation. **ECF No. 1** at 6. This is insufficient to sustain their invocation of diversity jurisdiction. *See Abdel-Aleem*, 665 F.3d at 42. Plaintiffs cannot validly assert diversity jurisdiction based on the assumption that, because Law 115 has resulted in handsome damages awards in other cases, they are necessarily entitled to claim the same. The outcomes in other cases have no bearing on whether this Court can properly exercise diversity jurisdiction over the present plaintiffs.

### 3. Law 80- Wrongful Discharge

"Law 80 provides the exclusive remedy under Puerto Rico law for an employee who is discharged without demonstrating just cause." *Santiago-Ramos v. Centennial P.R. Wireless Corp.*,

217 F.3d 46, 58 (1st Cir. 2000) (citing P.R. Laws Ann. tit. 29, § 185a–185m). *See Otero-Burgos v. Inter Am. Univ.*, 558 F.3d 1, 8 (1st Cir. 2009) (collecting Puerto Rico cases). "Severance pay is the exclusive remedy afforded by Law 80." *Corrada-Betances v. Sea-Land Serv., Inc.*, 248 F.3d 40, 44 n.4 (1st Cir. 2001) (citing P.R. Laws Ann. tit. 29, § 185a). Law 80 "provides a formula for calculating . . . [the] mandatory 'severance pay' for employees who are wrongfully terminated." *Soto-Lebrón v. Fed. Express Corp.*, 538 F.3d 45, 55 (1st Cir. 2008) (citing P.R. Laws Ann. tit. 29, § 185a). If their Law 80 claims prove meritorious, each plaintiff is entitled to "[a]n amount equal to three (3) months of salary as severance pay" and "two (2) weeks of salary for every full year of service." *See* P.R. Laws Ann. tit. 29, § 185a(a).

Notably, the Court ordered plaintiffs to provide "actual facts and damages calculations that pertain to each of their individual claims" and to "specify the legal basis for their inclusion of all non-wage benefits into the definition of their 'salary' for purposes of the calculation of their severance pay under Law 80." **ECF No. 11** at 6. In the Order to Show Cause, the Court generously calculated the severance awards available for each plaintiff under Law 80 as $62,500. *Id*. at 5**.** In response, plaintiffs simply noted that the Court's calculation failed to "consider the claim filed under Law 115," under which they are entitled to "multiple remedies" including "double damages, mental anguish, reinstatement in the employment, back pay, benefits and attorney's fees." **ECF No. 14** at 2–3. Plaintiffs failed to provide any of the specific information the Court requested in its Order to Show Cause and failed to inform a proper severance pay calculation.

Likewise, in opposing defendant's motions to dismiss, plaintiffs have failed to provide "with *sufficient particularity* facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." *See Abdel-Aleem*, 665 F.3d at 42 (citation and internal quotation marks omitted). Under Law 80, it is a legal certainty that neither plaintiff could receive more than $62,500 in severance pay. **ECF No. 11**. Under Law 115, plaintiffs have asserted no dollar amount to which they are entitled, indicating only their hope that it is a lot. Plaintiffs accordingly failed to show that the Court has subject-matter jurisdiction over this action.

The Court recognizes plaintiffs' passing request in their opposition to dismissal that, rather than dismiss the case, the Court grant them leave to amend the complaint. **ECF No. 21** at 5. However, the Court already provided plaintiffs an opportunity to substantiate the complaint's jurisdictional basis in the Order to Show Cause. **ECF No. 11**. Plaintiffs failed to use that opportunity to elaborate on their damages calculations and failed to do so again in opposing the motions to dismiss. Thus, the Court denies the request to amend the complaint.

## IV. Conclusion

Today's TV's motion to dismiss is **GRANTED**. **ECF No. 17**. Cravey's motion to dismiss is **MOOT**. **ECF No. 19**. The case is dismissed with prejudice. Clerk of Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 28th day of March, 2019.

                                        **S/AIDA M. DELGADO-COLÓN**
                                        **United States District Judge**